NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-179

LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL.

VERSUS

JEREMY ROBERT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20204797
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.


APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT;
WRIT GRANTED AND MADE PEREMPTORY;
JUDGMENT OF THE DISTRICT COURT REVERSED AND REMANDED.


Allyson C. Melancon
820 East St. Mary Boulevard
Lafayette, LA 70503
(337) 235-5791
COUNSEL FOR DEFENDANT-APPELLANT:
    Jeremy Robert

**Marie Candice Hattan**
**P. O. Box 91850**
**Lafayette, LA 70509**
**(337) 234-0431**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
**Lafayette Municipal Fire & Police Civil Service Board**

**Michael Patrick Corry, Sr.**
**Tyler C. Cooley**
**Briney Foret Corry**
**413 Travis Street, Ste 200**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
**Lafayette Consolidated Government**
**Lafayette Police Department**

**PICKETT, Judge.**

Jeremy Robert, a patrol officer with the Lafayette Police Department, appeals the judgment of the district court reversing the decision of the Lafayette Municipal Fire and Police Civil Service Board, which overturned Officer Robert's disciplinary sanction of termination imposed by Lafayette City-Parish Mayor-President Josh Guillory.

## **FACTS**

This appeal arises from disciplinary proceedings against Officer Robert. While arresting an uncooperative suspect during a domestic call, Officer Robert placed the suspect in handcuffs and leg shackles. When the suspect persisted in kicking the inside of the patrol vehicle, Officer Robert used another pair of handcuffs to connect the leg shackles and the handcuffs, in violation of department policy. When the suspect continued her uncooperative behavior in the patrol vehicle, Officer Robert pulled the suspect out of the vehicle, and she struck her head on the vehicle and the pavement.

At the hearing before the Lafayette Municipal Fire and Police Civil Service Board ("the Civil Service Board"), held September 16, 2020, the following stipulation as to the chronology of events was entered into the record:

MS. [ALLYSON] PREJEAN [Counsel for Officer Robert]:

Joint stipulations. Jeremy Robert was a regular employee and classified Civil Service at all times relevant. He served as an LPD patrol officer from November 2016 to July 10, 2020.

Robert was involved in an incident on April 10th, 2020, wherein LPD officers were dispatched to a domestic disturbance, which is the subject of this appeal.

On April 21st, 2020, LPD Interim Chief Scott Morgan ordered an administrative Internal Affairs investigation relative to allegations of excessive force, conduct unbecoming of an officer.

On April 22nd, 2020, Chief Morgan, through Major Keith Gremillion, issued a notice of administrative shift level investigation AD-2020-006, which placed Robert on notice that his actions gave rise to a possible violation of excessive force in professional conduct and responsibilities.

On April 24th, 2020, Robert provided his compelled statement to LPD Internal Affairs Sergeant U. J. Provost and Detective Patrick Pattum.

On May 11th, 2020, Major Gremillion advised CHIEF Morgan, via interoffice communication, that the attached case is ready for your review.

60-Day mark is June 19, 2020.

On May 18th, Robert was provided notice that a predisciplinary hearing for administrative investigation AD-2020-006, is scheduled for Friday, May 22, 2020, for alleged violations of professional conduct and responsibilities. General Order 201.2, use of force; General Order 301.2, prisoner transportation; General Order 302.2, and conditions of employment PPM 261-2.

On May 22nd, 2020, Robert attended his predisciplinary hearing.

On June 15th, 2020, Robert was served with correspondence dated June 9th, from Chief Morgan, advising that after careful review of the Internal Affairs investigation (AD-2020-006), and consideration of your verbal explanation, the complaint was sustained.

Michael Corry, counsel for Lafayette Consolidated Government (LCG), interjected at this point in the proceedings to explain that this stipulation was a chronology of events consistent with the exhibits submitted into the record.

Ms. Prejean then continued:

Morgan further advised that Robert would be receiving a one-day suspension without pay on June 11th, 2020.

On June 11, 2020, Robert served his one-day suspension.

On June 30th, 2020, Robert appealed his one-day suspension to this Board.

On July 8, 2020, this Board accepted Robert's appeal.

On Friday, July 10, 2020, at approximately 4:00 p.m., Robert was advised verbally by me, that he could resign or be terminated

2

effective 6:00 p.m. that date. A request to allow Robert to return from vacation and address the issue the following Monday was denied by LCG.

At approximately 6:00 p.m., Robert advised me that LCG LPD will have to terminate him, which message was relayed to Mr. Corry via telephone conversation.

On July 13, 2020, Robert was provided correspondence dated July 10th, 2020, from Chief Morgan advising that Mayor Guillory had reviewed the matter and had determined that his actions – your actions warrant termination.

On that date, he also filed an appeal [of] his termination [to] this Board.

On July 16, 2020, Robert withdrew his appeal of the one-day suspension he had already served.

And that is a chronology that we agree took place in this matter.

MR. CORRY:

And it's consistent with the exhibits that have been admitted.

Before the hearing in front of the Civil Service Board, Officer Robert filed a Motion to Bifurcate Hearing, or Alternatively Designate Presentation of Issue. In that motion, Officer Robert argued that this case presented an issue similar to a Police Officer Bill of Rights matter, which is customarily heard by the Civil Service Board at the outset of any hearing. Officer Robert argued that the Civil Service Board should first consider whether Mayor Guillory had the authority to issue a second discipline (termination) to Officer Robert after Chief Morgan, who Mayor Guillory had designated as appointing authority, had already issued a disciplinary sanction (one-day suspension) and that suspension had been served. Officer Robert further argued that, if the Civil Service Board found Mayor Guillory had the authority to terminate Officer Robert, the sanction of termination was not made in good faith for cause. Lafayette City Government (LCG) opposed

the motion to bifurcate, relying on La.R.S. 33:2501, which governs the conduct of disciplinary hearings by civil service boards.

At the September 16, 2020 hearing, the parties introduced their evidence, read the above stipulations into the record, and swore in the witnesses expected to testify at the hearing. Counsel for Officer Robert argued that the second disciplinary action was inappropriate, as argued in his motion. LCG began to argue that this was not a Bill of Rights issue that was properly heard before the merits, which Officer Robert conceded. LCG further argued that the mayor's delegation to the interim police chief of appointing authority did not divest the mayor of appointing authority in this case. Further, LCG argued that because Officer Robert appealed his one-day suspension and it was not final, the mayor had the authority to impose a different sanction and terminate Officer Robert. The members of the Civil Service Board and counsel proceeded to engage in discussion of the circumstances and timing of the mayor's involvement in this case, which the parties agreed was a "unique" situation. The Civil Service Board then voted to discuss the matter in executive session.

When the Civil Service Board reconvened in public session, a motion was made and seconded to reverse the termination. No witnesses testified, and there is no indication that the evidence submitted by either party was reviewed by the members of the Civil Service Board. When the Civil Service Board members voted, each of them made statements:

MR. PRUDHOMME:

> Yes, I just want to say a couple of things.

> Number 1, I've been on this Board on two separate occasions. And for a few years, I've never seen anything like it before. It's highly unusual. I think it sets a very questionable precedent. You know, we don't – I don't need to see a body cam or any footage, because the designated appointing authority and the IA and everybody

4

else saw that and rendered a verdict of a one-day suspension. And every officer has the right to appeal to this Board, understanding that this Board could very well rule to terminate, or to give a 30-day suspension, or anything else.

So for the Mayor-President to overrule everything two days later to me is unacceptable, so I vote yes.

. . . .

MR. PREJEAN:

Yes. Double standards, that's my opinion.

. . . .

MR. MOUTON:

Before I vote, I would stress to Mr. Corry the importance of the Civil Service Board and the classified employees. I know that on several occasion[s] after the decision was rendered and Mr. Robert was terminated, I was approached by many employees concerned that if they were to appeal, that – that they would face some type of termination, or some type of further discipline from the Mayor's office. And that concerns me. It concerns me if we were to uphold the termination that – that what other discipline out there and for how long do you go back? DO you go back five years, four years, one year, and you overturn the discipline?

You know, the discipline, the appointing authority was given to the Chief, you had – you had very senior officers that sat there and watched it. They rendered their decision of a day's suspension. And to come back and discipline that officer again, or any employee rather, is just wrong. And for that reason, I vote yes.

. . . .

MS. OLIVIER:

Yes. I'm also voting yes. I believe that our leadership might have shown a lapse of maturity and not trusting the leadership that he appointed in January in Interim Chief Gordon.

. . . .

MR. BROUSSARD:

I would vote yes. This good faith and just cause were met with the original one-day suspension, and that the employee has the right to appeal and that this incident could raise question to any employee, such as Officer Mouton stated, that if they filed an appeal with this Board, which is in their rights to as an employee with the Civil Service, that they could face retaliation from the administration or the

appointing authority. And that all employees of the fire and police department should know that this Board is here for them to address their rights and the ability to appeal any disciplinary action or discrimination issues at any time. That's it.

Having reversed the termination of Officer Robert, the Civil Service Board then voted to make Officer Robert whole with respect to salary and seniority.

LCG filed an appeal with the district court pursuant to La.R.S. 33:2501(E), seeking reinstatement of the termination of Officer Robert. The district court did not hear arguments on the merits of the issue of Officer Robert's discipline. It ruled in open court that the Civil Service Board did not act according to La.R.S. 33:2501(B)(2), which states, "Both the employee and the appointing authority shall be afforded an opportunity to appear before the board, either in person or with counsel, and present evidence to show that the action was or was not taken in good faith for cause as set forth in the provisions of this Part." The district court signed a judgment reversing the decision of the Civil Service Board and reinstating the mayor's decision terminating Officer Robert's employment. The district court also denied Officer Robert's Motion for a New Trial.

Officer Robert filed a suspensive appeal in this court, seeking review of the district court's judgment.

### ASSIGNMENTS OF ERROR

On appeal, Officer Robert asserts two assignments of error:

1. The [district] court's ruling was manifestly erroneous insofar as it usurped the Board's exclusive statutory authority to promulgate its own rules and to conduct hearings as it deems advisable.

2. The [district] court's ruling reversing the Board's finding was manifestly erroneous as the action by the [mayor] in rendering secondary discipline was arbitrary and capricious.

6

# DISCUSSION

At the outset, we note that this court lacks appellate jurisdiction in this matter. The legislature vested appellate jurisdiction in the district court pursuant to La.R.S. 33:2501(E), and therefore the court of appeal is divested of appellate jurisdiction. *Miazza v. City of Mandeville*, 10-304 (La. 5/21/10), 34 So.3d 849. Pursuant to this court's supervisory authority as enunciated in La.Const. Art. 5, § 10, we convert the appeal to an application for supervisory writs. *See In re Scott,* 15-199 (La.App. 3 Cir. 10/7/15), 175 So.3d 1058; *City of Alexandria v. Dixon*, 17-327 (La.App. 3 Cir. 9/20/17), 228 So.3d 1284, 1288, *writ denied*, 17-1756 (La. 12/5/17), 231 So.3d 627.

An appeal of a civil service board's decision "shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part." La.R.S. 33:2501(E)(3).

> "Good faith" has been established if the board's actions were not arbitrary or capricious or were not motivated by political expediency or prejudice. *Moore* [*v. Ware*, 01-3341, (La. 2/25/03)], 839 So.2d 940. A board's actions are arbitrary or capricious if there is no rational basis for the actions. *Id.* The district court "should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous." *Id.* at 946. The court of appeal must accord the same deference to a civil service board's factual finding as it would to those of a trial court. *Id.* A factual finding is manifestly erroneous when there exists no reasonable basis for it in the record. *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993).

*Hewitt v. Lafayette City-Parish Consol. Gov't*, 17-45, p. 10 (La.App. 3 Cir. 4/4/18), 243 So.3d 79, 86, *writ denied*, 18-980 (La. 10/8/18), 253 So.3d 794.

The district court did not reach the merits of whether the punishment meted out by the mayor was in good faith for cause. Instead, it found that LCG did not have an adequate opportunity to be heard, citing La.R.S. 33:2501(B)(2), as noted above. The Civil Service Board did not allow LCG to present a case. There is no

7

indication that the Civil Service Board reviewed the evidence introduced at the hearing. Instead, it determined that the mayor could not impose a second discipline after the officer had already served the discipline handed down by the chief of police. Their comments when they voted make that clear. We find the district court's finding that the Civil Service Board erred is correct.

Nevertheless, the proper disposition was not reinstatement of the discipline imposed by the mayor. Both LCG and Officer Robert should have an opportunity to present their full case to the Civil Service Board. Thus, we find the proper remedy in this case is to remand to the Civil Service Board for a full hearing for it to determine, in the first instance, if Officer Robert's termination was in good faith for cause.

## CONCLUSION

We convert this appeal to an application for supervisory writs. We grant the writ and reverse the judgment of the district court re-imposing the termination of Officer Robert. The case is remanded to the Lafayette Municipal Fire and Police Civil Service Board for a full hearing consistent with this opinion. Costs of this appeal are assessed to LCG in the amount of $2,964.30.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT;**
**WRIT GRANTED AND MADE PEREMPTORY;**
**JUDGMENT OF THE DISTRICT COURT REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.